Mathews, J.
delivered the opinion of the Court. This cause comes Rip on a bill of ex- ’ ceptions, and statement of the case by the Judgfe of the District Court ; by which it appears that *720 record Contains all the evidence given by the parties on the trial in the Court below.
West. District.
August 1815.
The exception, taken to the opinion of the District Judge, is that whereby he ruled the defendant, to answer the plaintiff’s petition or suffer judgment by default on a citation which does not contain the words “ State of Louisiana.”
It is contended by the counsel for the appellant, that the citation, issued in conformity with the act of the legislative council of the late Territory of Orleans, summoning the defendant to appear and comply with the prayer of the plantiff’s petition or file his answer, is a process within the meaning of that section of the constitution which requires the style of all process to be “ the State of Louisiana and that the Judge of the District Court erred in compelling him to answer to the merits of the suit on a process not having the style directed by the constitution.
- It is true that the citations, authorised by the act above refered to, partake of the nature of legal process ; but according to their form and the purposes for which they have been enacted by law, do not possess those imperative qualities which belong to the writs usually issuing from courts of justice, to their ministerial officers, and requiring them peremptorily, by the authority of government, to do certain acts which appertain to their offices.
*721 v A citation by our laws, is directed to the J o . defendant requiring him to do certain things which it is optional with him to do, or not to do ; he may either comply with the prayer of the plaintiff's petition, or file his answer, or he may do neither ; and by this neglect, is only subjected to the effects of a judgment by default. The sheriff, who by law is bound to serve on him a copy of the petition and citation, is not authorised to arrest his person or take any measures to compel his appearance in court by virtue of this process, but it is the mere legal instrument by which information is to be conveyed to him, that certain proceedings have been commenced against him in some court of the State, by an individual claiming redress.
Process is generally directed to some officer of the government, commanding him to do certain acts, which by law he is -bound to perform. Instances are rare in which it can, or ought, to be directed tó a private individual of the community ; and those in cases of offences immediately against the public order and tranquility of the State, as in the cases of Habeas Corpus, &c.
Upon the whole, we are of opinion that a fair construction of this section of the constitution relied on by the appellant, makes it applicable, to those cases only, wherein writs and process had, properly under the late government, the style of *722 ⅛. 'Territory of Orleans, and that this must now ' c> . be changed into that of the State of Louisiana ; and as the citation in the present case, is not embraced by the true spirit and meaning of the constitution or intention of the convention, we ,do not think that the Judge below erred in the opinion given by him to which this exception was taken.
As to the merits of this ease, considering it as St stands, on the record, which is certified by the Judge of the District Court to contain all the evidence in the cause ; altho’ many points were made By the counsel of the appellant, we deem it unnecessary to notice any, except that which relates to the consideration of the note on which the appellee founds his action.
It is clear from the evidence that this note was given for the forbearance of the appellee to enforce the payment of & 3,854, or in other words for interest on that sum for the term of two years, which the appellant owed to ■ him in solido with Other persons. Now by the laws of the State,, conventional interest cannot exceed 10 per cent' per an. ; and by those laws compound interest cannot be received.
By calculating interest on the above sum at the rate of 10 per cent per an. in two years, it is found to amount to S 770 80,, which is the true and legal consideration tor which it is given. And the District "Court having erred in giving judgment *723 -for the sum of $809, 35, a part of which sum is ’ 1 , made by compounding, pr giving interest on interest,
It is, therefore, ordered, adjudged and decreed, that the judgment of said District Court be reversed and annulled : and proceeding here to give such judgment as ought to have given in1 the Court below : it is, further ordered, adjudged and decreed that the appellee do recover from the appellant the sum of S 770 80,* with interest thereon at the rate of 5 per cent, per an. front the judicial demand until paid, and that the appellee pay the costs of this appeal.

 The principal had been paid.